-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL L. DANIELS,

        Plaintiff,

-v-

Investigator of New York State BARRY CHASE,
N.Y.S. Investigator ROBERT GAYNOR, and
N.Y.S Investigator FRANK C. D'AURIZIO,

        Defendants.

DECISION AND ORDER
05-CV-6065L(P)

---

## INTRODUCTION

Plaintiff Samuel L. Daniels has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, Police Investigators Frank C. D'Aurizo, Robert A. Gaynor, and Barry C. Chase, have violated his constitutional rights by arresting him and charging him with crimes on February 14, 2002. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims fail to state a claim upon which relief may be granted, and are thus subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Court finds that plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

Plaintiff names three New York State Police Investigators, and has therefore properly alleged conduct by a person acting under color of state law. He alleges that the defendants arrested and charged him with crimes, which suggests that plaintiff is claiming that the defendants subjected him to a false arrest or malicious prosecution. Nevertheless, plaintiff does not provide sufficient

2

information regarding what happened following his arrest. These sparse pleadings are insufficient to set forth a cognizable claim.

A § 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law, and since the "existence of probable cause gives an officer the privilege to arrest[, probable cause] 'is a complete defense to an action for false arrest.'" *Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification. *See, e.g., Broughton v. State*, 37 N.Y.2d 451, 456, *cert. denied*, 423 U.S. 929 (1975). Justification may be established by showing that there was probable cause to arrest, and thus probable cause "is a complete defense to an action for false arrest," *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994), whether that action is brought under state law or under § 1983. *See, e.g., Broughton v. State*, 37 N.Y.2d at 458; *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1996) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause").

The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). In the amended complaint, plaintiff must include allegations regarding the defendants' lack of probable cause, including the outcome of any proceedings following the arrest (criminal hearings, state court proceedings, or related events), or, if there were no further proceedings, he must so state.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 1, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **July 1, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 1, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 1, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 1, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 23, 2005
Rochester, New York

5